**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| BINGHAM BROOK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BLACKBURN ARCHITECTS, P.C.;<br>VERDANTAS, LLC as successor in interest to<br>HORIZONS ENGINEERING, INC. and<br>SUMMIT ENGINEERING, INC.;<br>ADVANCED EQUINE CONSTRUCTION LLC;<br>and SC EQUINE CONSTRUCTION,<br>Defendants. | ) | 2:26-cv-00223-MKL |

**DEFENDANT VERDANTAS LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Defendant, Verdantas, LLC ("Verdantas"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Counts II, III, IV and V of the Plaintiff's Complaint directed against Verdantas.[1]

Under Fed. R. Civ. P. 12(b)(6), the Plaintiff fails to state any viable claims against Verdantas because the Plaintiff fails to allege sufficient specific and well plead facts to support its stated legal causes of action. The Plaintiff merely alleges that Verdantas was retained by co-defendant, obligated to perform certain unspecified services related to wetland designation and that it suffered a harm when the State of Vermont required remediation to its real property. The Complaint is devoid of the most basic information of the what, when, and why.[2] There are no

[1] In Count IV of the Complaint, Plaintiff, upon its information and belief, seeks a declaratory judgment finding that Verdantas is a successor in interest to Summit Engineering, Inc ("Summit") and Horizon Engineering, Inc. ("Horizon"). Verdantas denies that Summit or Horizon are predecessors in interest but does not address that issue in the instant Motion to Dismiss and in fact cannot address such allegations based on Plaintiffs' failure to provide sufficient factual allegations in its Complaint. Verdantas intends to address these incorrect allegations via separate motion practice.

[2] The Plaintiff alleged the who, Summit, and the where, at it property, but nothing substantively more.

specific allegations of the duty allegedly owed to the Plaintiff, what specifically Verdantas failed to do, how it failed to act, any contracts, documents or statements made by Verdantas which were insufficient and importantly when it failed to act or acted improperly.

**I. Factual Background**

The Plaintiff's claims in this case concern its ownership and alleged development of a certain 700-acre parcel of real property located in Charlotte, Vermont (the "Property"). Compl, ¶ 1. While Verdantas denies the Plaintiff's claims in their entirety, the Plaintiff claims, with extremely limited factual allegations, that Verdantas, through its alleged predecessors in interest, Summit Engineering, Inc. was retained by co-defendant Advanced Equine Construction, LLC to assess the Property, identify and disclose wetlands, and develop site-specific civil plans for the Project. Compl, ¶ 19. Despite no allegation of a relationship with Summit Engineering, LLC, Plaintiff alleges that Summit knew that Plaintiff would rely on and was the intended beneficiary of its relationship with Advanced Equine Construction, LLC. Compl, ¶ 20. It then conclusively claims that "Summit's work was defective and failed to disclose the wetlands and associated buffer zones." Compl, ¶ 21. It alleges that at some unspecified date based on some unspecific plans, a contractor began construction on the Property. Compl, ¶ 28. The Plaintiff provides no date on which the construction issues with the wetlands issues were completed nor when the overall construction on the Property was completed.

In light of the foregoing facts, the Plaintiff conclusively alleges that Verdantas is liable to it in: "failing to accurately delineate the scope of wetlands at the Project; failing to properly demarcate the limits of construction at the Property; and failing to ensure the Project complied with applicable laws and regulations, including the Vermont Wetland Rules." Compl, Count II, ¶ 51. The Plaintiff then argues that the collective defendants are liable for the remediation costs

associated with the State of Vermont's directives to bring the Property into compliance with Vermont Wetland Rules. Compl, Count II, ¶ 52.

What is notably missing from the Plaintiff's allegations are specific facts about the scope of Summit's alleged duties or obligations, the dates/time of its alleged acts or omissions, details about the failures or negligent acts or omissions, where the alleged failure to identify wetlands occurred, any other facts specific to the alleged conduct of Verdantas including but not limited to any reports, documents, statements of Summit or how the alleged harm, or specifically how the remediation requirements were caused by the alleged acts or omissions of Summit/Verdantas. The Plaintiff's pleading is a blatant effort to embroil Verdantas into this litigation without providing it with the opportunity to address the allegations through the initial pleading process and or inevitable dispositive motions based on properly alleged facts. Such vague and conclusive pleading is impermissible and the claims against Verdantas should be dismissed.

## II. Legal Standard

"A district court has the inherent authority to dismiss an action that 'lacks an arguable basis either in law or in fact' . . . ." *MacKinnon v. City of New York/Human Resources Admin.*, 580 Fed. Appx. 44, 45 (2d Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In reviewing the sufficiency of a complaint, [courts] accept only its factual allegations, and the reasonable inferences that can be drawn therefrom, as true." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). Courts '"are not bound to accept as true a legal conclusion couched as a factual allegation'; nor are [they] required to accept as true allegations that are wholly conclusory." *Id.*

quoting *Twombly*, 550 U.S. at 555. As the Plaintiff has done in this case, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" must be disregarded. *Iqbal*, 556 U.S. at 678.

**III. The Plaintiff Has Not Plead Its Claims With Requisite Specificity.**

"A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) citng *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir.1995); '[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995) quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

In considering a motion to dismiss for failure to state a claim, the Court follows a "two-pronged approach to evaluate the sufficiency of the complaint. A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. At the second step, a court should determine whether the well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement to relief. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (Citations omitted; internal quotation marks omitted). In this case, the Plaintiff's claims against Verdantas should be dismissed for both of the foregoing reasons.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (Internal citations omitted); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To this end, a

complaint will not survive a motion to dismiss if it relies on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949–50.

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal* has been construed to amplify the pleading requirement to prevent the type of allegations set forth in the Plaintiff's Complaint. *Boykin v. KeyCorp*, 521 F.3d 202, 204 (2d Cir. 2008). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949–50.

The latter is exactly what the Plaintiff does in this case. The Plaintiff merely claims that Verdantas owed it a duty based on the unspecified alleged acts or omissions of its alleged predecessors in interest, Summit. The Plaintiff provides only vaguely stated allegations on the basis or specifics of that duty but provides no allegation of the dates or times that alleged duty was owed or breached, the scope of any alleged duty or breach, the specifics related of any failure to meet its duty or obligations, nor any specifics about the alleged acts or omissions of Summit. It also fails to allege any further details about the construction at the Property, the dates construction was completed or the dates any acts which allegedly caused its claimed damages were completed. The failure to provide specific allegations, such as the nature and scope of Verdatnas' duty or obligation, and the alleged failure to meet its duty or obligations is particularly egregious in this case where the Plaintiff has alleged specific dates and duties of co-defendant Blackburn Architects, P.C., including attaching exhibits to the Complaint related to Blackburn's duty and conduct, but appears to have intentionally omitted allegations or supporting

documentation of these same details and facts against Summit/Verdantas. This information is critical to pleading a complaint and required. *Twombly*, 550 U.S. at 565 n.10 (complaint likely fails to provide sufficient notice under Rule 8 when it "mention[s] no specific time, place, or person involved in the alleged conspiracies," so "a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin") also referring to *In re Zinc Antitrust Litig.,* 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) (Forrest, *J.*)("[A]t the pleading stage in [an] antitrust case ... each defendant is entitled to know how he is alleged to have conspired, with whom and for what purpose."); *In re European Gov't Bonds Antitrust Litig.*, 2020 WL 4273811, at *15 (S.D.N.Y. July 23, 2020) (Marrero, *J.*)(plaintiff must plead facts "to tie specific defendants to the conspiracy"). A complaint is facially deficient and fails to state a claim when it "provides no basis to infer the culpability of the *specific* defendants named in the complaint..." *City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Sec. Corp.*, 92 F.4th 381, 396–97 (2d Cir. 2024) citing *In re Mexican Gov't Bonds Antitrust Litig.,* 412 F. Supp. 3d 380, 388 (S.D.N.Y. 2019).

The failure to allege specific facts against Verdantas does not provide it the ability to reasonably respond to the allegation directed against it – a requirement under the *Iqbal/Twombly* framework. This is especially true in this case where the Plaintiff is not making allegations against Verdantas as a result of its direct conduct but that of its alleged predecessors in interest. For this reason, the Plaintiff's pleading is prejudicial considering Verdantas' dispute of the general and admittedly unknown claim that Verdantas is liable to Plaintiff as a successor in interest of Summit.

Moreover, the Plaintiff's intentionally vague pleading against Verdantas appears to be an improper fishing expedition by the Plaintiff to raise claims against Verdantas and make it a party

to this litigation without having a sufficient basis to raise any legal claims against it.[3] "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007) citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n. 17 (1983). It is not sufficient for the Plaintiff to plead vague allegations in an effort to sort out the true facts later through discovery. "…Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, as interpreted in *Twombly* and *Iqbal,* help 'to prevent settlement extortion—using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit.'" *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) citing *Am. Bank v. City of Menasha,* 627 F.3d 261, 266 (7th Cir.2010). "[T]he price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Id*. quoting *DM Research, Inc. v. Coll. of Am. Pathologists,* 170 F.3d 53, 55 (1st Cir.1999).

The Plaintiff's failure to properly plead prevents Verdantas from addressing the broad allegations raised against it whether through a responsive pleading or dispositive motion practice. Verdantas should not be required to engage in protracted discovery and litigation when the claims against it are not viable on their face. If plead with the necessary particularity, Verdantas

[3] It is worth noting that further evidence of the Plaintiff's failure to have sufficient facts to support its claim can be found in the Plaintiff's pre-suit actions. As the Plaintiff alleges, it served a demand on Verdantas via correspondence dated December 11, 2025. Compl, ¶ 37. Following that demand correspondence, counsel for Verdantas contacted Plaintiff's counsel and inquired numerous times about additional facts to support the demand and claims against Verdantas, such as relevant dates, locations, documents and any other relevant information. Notably, Plaintiff's counsel failed to respond to the numerous requests for more specific information and rather filed the instant action which is conspicuously missing this same information.

anticipates early dispositive motion practice. Plaintiff's apparent intentional vague pleading is an attempt to avoid this obvious and immediate disposition.

The Plaintiff does nothing more than offer "labels and conclusions," and merely provides the most basic of allegations – that at some unspecified dates and by some nonspecific failure to recognize unidentified wetlands - Verdantas' predecessor in interest breached an alleged duty to Plaintiff, this is nothing more than "a formulaic recitation of the elements of a cause of action" and only "tenders 'naked assertion[s] devoid of 'further factual enhancement." Accordingly, under the *Iqbal/Twombly* framework, the Plaintiff's claims against Verdantas must be dismissed for lack of specificity. Moreover, because the Plaintiff's claims of negligence, negligent misrepresentation and indemnification must be dismissed, the Plaintiff's claim for declaratory judgment is immaterial and should also be dismissed.

Dated: July 7, 2026

Respectfully submitted,

DEFENDANT
VERDANTAS, LLC

By: /s/ *Thomas M. Higgins*
Thomas M. Higgins, Esq.
Gardner Preston, PLLC
P.O. Box 86
Hanover, NH 03755
Tel: (802) 448-2301
Tom@gardnerpreston.com

**CERTIFICATION**

I hereby certify that on July 7, 2026 a copy of the foregoing was filed electronically through the Electronic Case Filing System of the United States District Court for the District of Vermont. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

By: /s/ *Thomas M. Higgins*
Thomas M. Higgins, Esq.