U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 15 PM 12: 16

CLERK
BY ___
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

No. 2:26-cv-00223-MKL

BINGHAM BROOK, LLC,

Plaintiff,

v.

BLACKBURN ARCHITECTS, P.C.; VERDANTAS, LLC, *as successor-in-interest to HORIZONS ENGINEERING, INC., and SUMMIT ENGINEERING, INC.*; ADVANCED EQUINE CONSTRUCTION LLC; and SC EQUINE CONSTRUCTION LLC,

Defendants.

**BINGHAM BROOK LLC'S OPPOSITION TO VERDANTAS LLC'S MOTION TO DISMISS**

Plaintiff Bingham Brook, LLC ("Bingham Brook") opposes the Defendant Verdantas LLC ("Verdantas")'s Motion to Dismiss.

## INTRODUCTION

Through this Action Bingham Brook seeks to hold Verdantas and its co-defendants liable for the defective design, engineering, and construction of a state-of-the-art equine facility (the "Project") on Bingham Brook's property (the "Property") that resulted in unpermitted construction within Class II wetlands and their associated buffer zones. Specifically, Verdantas (via its predecessor-in-interest, Summit Engineering, Inc. ("Summit")), was retained to assess the Property, identify and disclose wetlands, and develop site-specific compliant civil plans for the Project. Verdantas failed to properly identify wetlands and failed to develop plans that complied with applicable wetland rules and regulations, causing the Project to be constructed on protected wetlands in violation of Vermont law. As a result of these violations, the State of Vermont is

requiring Bingham Brook to take on remediation activities which are expected to cost nearly $2 million.

Bingham Brook sued Verdantas, along with the project architect and general contractor (and a company associated with the general contractor), to recover the costs of the remediation. Specifically, Bingham Brook brings claims against Verdantas for negligence (Count II), negligent misrepresentation (Count III), and indemnity (Count V), and seeks a declaration confirming Verdantas' status as Summit's successor-in-interest (Count IV). Verdantas has moved to dismiss the claims against them, alleging that the Complaint is impermissibly "vague and conclusive" and amounts to a fishing expedition. Verdantas' Motion should be denied. The Complaint is neither vague nor conclusive; rather, Bingham Brook has satisfied its burden of putting Verdantas on notice of the claims and conduct underlying the claims.

## FACTUAL BACKGROUND IN LIGHT MOST FAVORABLE TO BINGHAM BROOK[1]

On or around July 1, 2019, Bingham Brook purchased a 700-acre property in Charlotte, Vermont (the "Property"), with the intention of converting the Property to a state-of-the-art equine facility to care for ailing and aging horses. Complaint ("Comp.") at ¶ 11. Bingham Brook then retained Blackburn Architects, P.C., an equine-specific architecture firm, to design the Project, and Advanced Equine Construction LLC ("AEC"), an equine-specific contractor, to construct the Project. Comp. at ¶¶ 12, 21. AEC in turn retained Verdantas' predecessor-in-interest, Summit, to assess the Property, identify and disclose wetlands, and develop site-specific civil plans for the Project. Comp. at ¶ 25. Summit knew that Bingham Brook was the intended beneficiary of its work. Comp. at ¶ 26.

[1] For the purposes of a Motion to Dismiss, this Court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

Summit performed its work defectively and specifically failed to identify or disclose any wetlands or associated buffer zones. Comp. at ¶ 27. As a result of this failure, Summit produced plans for the Project that did not reflect the existence of wetlands and associated buffer zones. Comp. at ¶ 28. The Project was then constructed in accordance with Summit's defective plans. Comp. at ¶ 28.

On or around November 13, 2024, Bingham Brook became aware, via a Notice of Alleged Violation issued by the State of Vermont's Agency of Natural Resources, that the Project had been constructed "within the Class II wetlands and the associated 50-foot buffer zone" without proper permits in violation of 10 V.S.A. § 913 and the Vermont Wetland Rules. Comp. at ¶¶ 30, 31; Exhibit C to Comp. The State of Vermont confirmed that the unpermitted work had destroyed certain wetlands and would require immediate remediation, the cost of which is estimated to significantly exceed $1 million. Comp. at ¶¶ 31, 36; Ex. C to Comp.

By the time Bingham Brook learned of the alleged violations, Summit's assets and liabilities had been sold to Horizons Engineering, Inc. ("Horizons"). Comp. at ¶ 33. Horizons acknowledged their responsibility for Summit's work at the Project and responded to the State's Notice on November 26, 2024. Id. By nature of a subsequent transaction, Verdantas acquired Horizons' assets and liabilities, including those which were originally held by Summit. Comp. at ¶ 34. Verdantas therefore is the party legally responsible for the work Summit performed at the Property and the resulting damages suffered by Bingham Brook.

Bingham Brook has sued Verdantas to recover damages for negligence (based on Summit's negligent failure to properly delineate the scope of wetlands and ensure the Project plans applied with applicable law) and negligent misrepresentation (based on Summit inaccurately demarcating the land and any wetland/buffer zones). Bingham Brook also seeks a

declaration that Verdantas has assumed legal responsibility for Summit's liabilities and seeks to establish, as a matter of law, that Verdantas must indemnify Bingham Brook for any wetland violations and associated costs.

## ARGUMENT

The Complaint gives Verdantas fair notice of the claims against it and satisfies Bingham Brook's burden at the pleading stage. This is a notice-pleading court,[2] and as such a complaint need only provide "a short and plain statement" demonstrating the plaintiff's "entitle[ment] to relief." See Fed. R. Civ. P. 8(a)(2); Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006) (purpose of notice-pleading requirements is to give defendant "fair notice of the claim and the grounds upon which it rests") (internal citation and quotation omitted); United States v. Watts, 786 F.3d 152, 161 (2d Cir. 2015) ("To survive a motion to dismiss, the petition need only 'state [ ] enough facts to state a claim to relief that is plausible on its face.'") (quoting Willis Mgmt. (Vt.), Ltd. v. United States, 652 F.3d 236, 246 (2d Cir.2011)). This simplified, relaxed standard keeps litigants in court and allows claims to be resolved on the merits. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system which was adopted to focus litigation on the merits of the claim."). Under Rule 8's liberal pleading standard, courts should dismiss claims only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with [plaintiffs'] allegations." See Hinterberger v. Cath. Health Sys., Inc., 536 F. App'x 14, 16 (2d Cir. 2013); Sall v. George, No. 2:20-CV-214-CR, 2022 WL 1257376, at *11 (D. Vt. Jan. 14, 2022) ("Dismissal

---

2 Though Bingham Brook initially filed this Action in state court, the Federal Rules of Civil Procedure govern the sufficiency of the Complaint now that the case has been removed. See Bates v. Town of Cavendish, Vermont, 735 F. Supp. 3d 479, 490 (D. Vt. 2024) ("Federal pleading standards apply to a complaint after removal to federal court.").

of a complaint for failure to comply with the notice requirements of Rule 8 is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'") (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Bingham Brook has given Verdantas fair notice of the claims asserted against it and the conduct at issue in the Action and as such has met its burden at the pleading stage. The Complaint identifies Verdantas' predecessor-in-interest as Summit and alleges that Summit was retained by Bingham Brook's general contractor to assess the Property, identify and disclose wetlands, and develop site-specific civil plans for the Project. It also alleges that Summit knew Bingham Brook was the intended beneficiary of the work, that Summit's work was defective in failing to disclose wetlands and associated buffer zones, and that as a result the Project was constructed on protected wetlands in violation of rules and regulations in the State of Vermont. The Complaint also describes the Property as a 700-acre parcel in Charlotte, Vermont (Comp. ¶ 11); notes when the Property was purchased (2019) and when and how Bingham Brook learned of the violation (November 13, 2024, through the State's Notice of Alleged Violation) (Comp. ¶ 30); identifies the specific laws allegedly violated (10 V.S.A. § 913 and the Vermont Wetland Rules) (Comp. ¶ 31); and delineates the harm suffered as the destruction of wetlands and remediation costs expected to exceed $1 million (Comp. ¶¶ 31, 36). Bingham Brook also clearly identifies the relationship between Summit and Verdantas that makes Verdantas liable to Bingham Brook. (Comp. ¶¶ 33, 34). Despite Verdantas' suggestion to the contrary, Bingham Brook is not required to attach exhibits or supporting documentation to its Complaint, nor is it required to allege the exact dates on which the conduct at issue occurred; rather, Bingham Brook has provided more than enough detail to enable Verdantas to identify the conduct at issue,

investigate the allegations made, and meaningfully respond to the Complaint. This is what Rule 8 requires. See Sall v. George, No. 2:20-CV-214-CR, 2022 WL 1257376, at *11 (D. Vt. Jan. 14, 2022) (burden at pleading stage is to leave the defendant "with 'a fair understanding of what the plaintiff is complaining about' and knowledge of 'whether there is a legal basis for recovery'") (quoting Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)); State Farm Fire & Cas. Co. v. Beverage Air Corp., No. CV-18-02800-PHX-DLR, 2019 WL 2395642, at *1 (D. Ariz. June 6, 2019) (complaint "need not allege specific dates to meet Federal Rule of Civil Procedure 8's pleading requirements. [] Instead, a complaint need only provide [the defendant] with a general timeframe of when the alleged events occurred[.]") (internal quotations and citations omitted); King v. Haviland, No. CIV-S-09-2723 KJM P, 2010 WL 2303203, at *2 (E.D. Cal. June 7, 2010) (noting that "[a]s a general rule" it is "not necessary" to attach exhibits to a complaint).[3]

Further, each of the specific claims brought against Verdantas (negligence, negligent misrepresentation, indemnity, and a declaratory judgment) have been pled with the necessary specificity. See Meimaris v. Royce, No. 19-3339-CV, 2021 WL 5170725, at *2 (2d Cir. Nov. 8, 2021) ("At the pleading stage … 'the plaintiff must clearly... allege facts demonstrating each element [of a claim].'") (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)) (further citations and quotations omitted). A party asserting a claim for negligence must show "that the

[3] Nor is the Complaint a "fishing expedition." Though a party may not bring a complaint as a pretext to uncover causes of action for which it lacks evidentiary support (see Bunce Est. of, No. 22-CV-0199, 2023 WL 4646769, at *4 (D. Vt. July 20, 2023)), a party also cannot be expected to know every detail prior to conducting discovery; rather, the pleading standard simply requires that the pleading party allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. See Panther Partners Inc. v. Ikanos Commc'ns, Inc., 347 F. App'x 617, 619 (2d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

defendant owed a legal duty to the plaintiff, the duty was breached, the breach constituted the proximate cause of plaintiff's harm, and plaintiff suffered actual loss or damage as a result." Rubin v. Town of Poultney, 168 Vt. 624, 625 (1998) (citation omitted). Here, Bingham Brook has alleged that Verdantas owed it a professional duty to exercise the "skill, care diligence, and judgment ordinarily possessed and exercised by a reasonably prudent engineer"; that Verdantas breached that duty by failing to demarcate the wetlands at the Property and failing to ensure the Project complied with applicable laws and regulations; and that these failures have caused Bingham Brook to suffer damage to its wetlands and to incur monetary damages associated with bringing the Property back into compliance with the Vermont Wetland Rules. Comp. at ¶¶ 51–53. These allegations are sufficient to put Verdantas on notice of the basis of Bingham Brook's claim for negligence and thus, the negligence claim survives the notice-pleading threshold of Rule 8.

Because Bingham Brook has adequately alleged a claim for negligence, its indemnity claim also survives Verdantas' Motion to Dismiss. Common law indemnification in Vermont arises based on "a right accruing to a party who, without active fault, has been compelled by some legal obligation ... to pay damages occasioned by the negligence of another." Chapman v. Sparta, 167 Vt. 157, 159 (1997) (internal citation and quotation omitted); see also Hemond v. Frontier Commc'ns of Am., Inc., 199 Vt. 259, 262 (2015) ("right to indemnity may be implied where circumstances require the law to imply such an undertaking") (internal citation and quotation omitted). Here, Bingham Brook has adequately alleged negligence based on Verdantas, and the conduct underlying that negligence claim is the direct cause of Bingham Brook's potential liability to the State of Vermont. As such, Bingham Brook has sufficiently alleged a claim for indemnity.

Bingham Brook's negligent misrepresentation claim is also adequately pled. At the pleading stage, a plaintiff must identify that the defendant supplied false information in the course of business for the guidance of others, that the defendant failed to exercise reasonable care in obtaining or communicating that information, and that the plaintiff justifiably relied on that information to their detriment. See Masiello Real Estate, Inc. v. Matteo, 215 Vt. 607 (2021); Nashef v. AADCO Med., Inc., 947 F. Supp. 2d 413, 423 (D. Vt. 2013) (noting that "Second Circuit has not required state law claims of negligent misrepresentation to satisfy the heightened pleading requirements of Fed.R.Civ.P. 9(b)"). Bingham Brook has clearly identified all elements of its negligent misrepresentation claim. Specifically, Bingham Brook alleges that:

- Verdantas provided false information regarding the scope of wetlands and buffer zones at the Property (Comp. ¶ 57);
- Verdantas did not exercise the requisite care in investigating the scope of wetlands at the Property (Comp. ¶ 58);
- the information was supplied in the course of business for Bingham Brook's guidance in developing the equestrian facility at the Property (Comp. ¶ 59);
- Verdantas knew or should have known that Bingham Brook would rely on the information Verdantas provided (Comp. ¶ 60);
- justifiably, Bingham Brook did rely on the information provided by Verdantas in approving site plans for the Project (Comp. ¶ 61); and
- Bingham Brook's reliance was to its detriment, as the reliance resulted in damage to the Property wetlands and exposed them to regulatory fines and costs associated with bringing the Property back into compliance with applicable rules and regulations (Comp. ¶ 62).

These allegations meet the pleading standard for negligent misrepresentation.

Bingham Brook has also satisfied its burden for the declaratory judgment claim. A plaintiff's claim for declaratory relief meets the Rule 8 threshold so long as the plaintiff demonstrates there is an actual controversy between the parties regarding their respective rights and obligations. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 415 F. App'x 264, 266

(2d Cir. 2011) ("actual controversy" for purposes of declaratory judgment only exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); see also In re RAH Color Techs. LLC Pat. Litig., No. 18-CV-07465-SI, 2019 WL 2342191, at *6 (N.D. Cal. June 3, 2019) ("At the pleading stage, the declaratory judgment plaintiff must simply show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (internal citation and quotation omitted).[4] Here, there is a specific controversy regarding the scope and applicability of successor liability principles to Verdantas and the Project. Bingham Brook has specifically identified its belief that Verdantas is a successor-in-interest to Summit, the entity that was originally tasked with delineating the scope of wetlands at the Property and developing site plans based on that scope and identifies the harm it has suffered as a result of Summit's acts and omissions. Bingham Brook also identified the successive mergers and/or acquisitions that made Verdantas liable for Summit's wrongdoings at the Project; as such Bingham Brook has alleged sufficient facts to support the existence of an actual controversy and to support the declaration it seeks.[5] The declaratory judgment claim has been adequately alleged.

[4] Because the case has been removed, the federal declaratory judgment standard applies. See Galley Schuler v. Rainforest All., Inc., 161 F. Supp. 3d 298, 306 (D. Vt. 2016), aff'd sub nom. Schuler v. Rainforest All., Inc., 684 F. App'x 77 (2d Cir. 2017) ("[federal] Declaratory Judgment Act is implicated even in diversity cases, whether an action is originally filed in federal court or is properly removed there by defendant") (internal citation and quotation omitted).

[5] Indeed, Verdantas' Memo indicates that it "denies that Summit or Horizon are predecessors in interest," (Memo at p. 1), further demonstrating the controversy related to Verdantas' obligations to Bingham Brook.

## CONCLUSION

For the foregoing reasons, Bingham Brook asks that this Court **deny** Verdantas' Motion to Dismiss Counts II, III, IV, and V of the Complaint.

Plaintiff,

BINGHAM BROOK LLC,

By its attorney,

*/s/ Richard E. Briansky*
Richard E. Briansky (Bar No. 5576)
PECKAR & ABRAMSON, P.C.
28 State Street, Suite 2302
Boston, MA 02109
(857) 284-8155
rbriansky@pecklaw.com

September 11, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, a hard copy of the foregoing was sent to the Court by physical mail via FedEx for filing and a digital copy was served upon counsel of record via email.

*/s/ Richard Briansky*
Richard Briansky